IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JO LYNNE WAGNER                                                                         PLAINTIFF

v.                                    CIVIL NO. 14-2136

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                                          DEFENDANT

## MEMORANDUM OPINION

Jo Lynne Wagner ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her application for benefits. ECF No. 1. On August 12, 2014, without filing an answer, the Commissioner filed a motion to remand pursuant to sentence six of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). ECF. No. 11.

The Commissioner requests that remand be granted because the hearing decision does not contain an adequate evaluation of the opinion evidence from Dr. Chester Carlson, and the opinions of state agency medical consultants, Drs. Jonathan Norcross and Ramona Bates, addressing Plaintiff's manipulative limitations are not included in the Administrative Law Judge's residual functional capacity assessment ("RFC"). ECF No. 12.

The exclusive methods by which a district court may remand a social security case to the Commissioner are set forth in "sentence four" and "sentence six" of 42 U.S.C. § 405(g). Sentence six of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), provides

---

[1] Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

that:

> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security ....

*See Shalala v. Schaefer*, 509 U.S. 292, 297 n.2 (1993); *Melkonyan v. Sullivan*, 501 U.S. 89, 101 n.2 (1991). A court is authorized to remand a case to the Commissioner pursuant to sentence six "if three requirements are met: (1) the Commissioner made the motion for remand, (2) the motion was made prior to the time the Commissioner's answer was filed, and (3) the Commissioner established good cause for the remand." *See Duren v. Astrue*, 2009 WL 3675191, at *1 (W.D. Ark. Oct. 30, 2009).

Here, we find remand that the Commissioner has met three requirements for a sentence six remand. Therefore, the Commissioner's motion to remand is hereby **GRANTED** and the case is remanded to the Commissioner for further administrative action pursuant to "sentence six" of section 405(g).

DATED this 14th day of August 2014.

/s/ J. Marschewski
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE