IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JO LYNNE WAGNER                                                                                    PLAINTIFF

v.                                    CIVIL NO. 2:14-CV-2136-MEF

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                                 DEFENDANT

## MEMORANDUM OPINION AND ORDER

Pending now before this Court is Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act ("EAJA"). ECF No. 18, 19. The Defendant has filed a response voicing no objections to the Plaintiff's motion. ECF No. 20. The case is presently before the undersigned by consent of the parties. ECF No. 7

**I.     Procedural Background:**

Plaintiff appealed the Commissioner's denial of benefits to this court. On August 14, 2014, an Order was entered remanding the case pursuant to sentence six of 42 U.S.C. § 405(g). ECF No. 14. On August 25, 2016, the case was reopened pursuant to Plaintiff's Motion. ECF No. 15, 16. Plaintiff filed a motion for attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA") on November 8, 2016, requesting $1,652.50, representing a total of 2.00 attorney hours for work performed in 2014 at an hourly rate of $186.00, 1.30 attorney hours for work performed in 2016 at an hourly rate of $188.00, and 3.80 paralegal hours at a rate of $75.00 per hour.  ECF No. 19-3. The Defendant filed a response voicing no objections to Plaintiff's request, but pointing out a miscalculation.

**II.     Applicable Law:**

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. While it is true that "sentence four" remands confer prevailing party status, remands pursuant to "sentence six" do not. *See Shalala v. Schaefer* 509 U.S. 292, 301 (1993). Section 405(g) permits a court to remand a case to the Commissioner where the Commissioner requests a remand before answering the complaint or where new material evidence is adduced that was for good cause not presented before the agency. *See id.* at 297 n.2. This type of remand, also known as a "sentence six" remand, is not a judgment on the merits. Instead, the Court retains jurisdiction pending completion of the administrative proceedings, and entry of a final judgment is delayed until after the post-remand agency proceedings have been completed and the agency's results have been filed with the court. *See id.* at 296. In these cases, the time period for filing a motion pursuant to the EAJA does not begin "until after the post remand proceedings are completed, the Secretary returns to court, the court enters a final judgment, and the appeal period runs." *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991).

The motion presently before this Court is for an award of attorney fees in a case remanded pursuant to "sentence six."  Said case was remanded to the agency on August 14, 2014. On, July 25, 2016, Plaintiff received notice of a fully favorable decision.  ECF No. 15. The Plaintiff then moved to reopen the case and for the entry of judgment on August 23, 2016.  ECF No. 15. On October 26, 2016, judgment was entered reopening the case and affirming the agency's award of benefits.

**III.     Discussion:**

On November 8, 2016, the Plaintiff filed the present motion. ECF No 18, 19. It is the opinion of the undersigned that the Plaintiff is entitled to a fee award in this case, as she is the prevailing party, the government's decision to deny benefits was not "substantially justified", the hourly rate requested for both attorney and paralegal hours does not exceed the CPI for any year in question, and the time asserted to have been spent in the representation of the Plaintiff before the district court is reasonable. *See Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986) (burden is on the Commissioner to show substantial justification for the government's denial of benefits); *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990) (the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour); and *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984) (in determining reasonableness, court looks at time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and, the amount involved). However, as pointed out by the Government, Plaintiff has miscalculated the fee amount. According to the numbers provided by the Plaintiff, the correct fee award is $901.40. Thus, Plaintiff will be awarded $901.40 in attorney fees pursuant to the EAJA.

Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2528 (2010), the EAJA fee award should be made payable to Plaintiff. However, as a matter of practice, an EAJA fee made payable to Plaintiff may properly be mailed to Plaintiff's counsel.

The parties should be reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

**IV.**     **Conclusion:**

For the reasons stated above, the undersigned awards the Plaintiff **$901.40** in attorney fees pursuant to the EAJA, 28 U.S.C. § 2412.

Dated this 29th day of November 2016.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

4